Mr. Chief Justice Shaekey
delivered the opinion of the court.
All of the parties to this controversy, had obtained judgments against one Richard R. Corbin. Several sales of property were made, and the money arising from them, has been already appropriated, except a certain sum raised under the last executions, which is now the subject of controversy, each party claiming to have it appropriated in discharge of his execution.
Two of the parties, to wit, Martin and Lofland, have had a case before this court, which grew out of a contest about the appropriation of the proceeds of a previous sale, made under the same judgments. By that decision, Lofland’s lien was held to be entitled to the proceeds of the sale, and it is decisive of the rights of these two parties in the present case. By holding that Lofland’s lien should be preferred, as to the particular fund then the subject of dispute, we, in effect, decided, that his right to the proceeds of any subsequent sale, made under like circumstances, would also be preferred to Martin’s. See 8 S. & M. 352.
The circuit court directed, that Lofland’s execution should be first satisfied, and that the residue should be applied in satisfaction of Byrne’s execution. The contest is, therefore, between Byrne, and Martin. The record presents some confusion, as to the dates of the perfection of the forthcoming bonds, and it is, therefore, rather difficult to tell which was the prior lien. But the rights .of the parties will be controlled' by other circumstances.
All three of the executions were levied on the same property. A part of it was claimed by a third person, who gave bond to try the right according to the statute. Lofland and Byrne both tendered issues, but Martin failed to do so, and,.as to him, the court rendered a judgment, discharging the claimants, and dismissing the case. On the issues tendered by the others, the jury found part of the property, to wit, three of the negroes, liable to the executions, and judgment was rendered against *321 the claimants. Executions issued, and the defendants, who were the claimants, paid this money to the sheriff. Under these circumstances, we think that Martin had no right to it. It was paid by defendants, against whom he had no judgment. But the statute is explicit, in declaring, that, if from the default of the plaintiff in execution, an issue shall not be made up to try the right, the claimant shall be discharged from the bond given, and the property therein mentioned shall not thereafter be liable to satisfy the plaintiff’s execution. Revised Code, 202, sec. 26. This statute is a complete discharge of the property from liability to the execution; and if it be afterwards sold on other executions, the plaintiff, who has thus abandoned and forfeited his right to it, cannot claim the proceeds. A voluntary payment by the claimant, places him on no better ground, as he has no lien on the thing which is the consideration for the payment.
Judgment affirmed.